UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONACIANO ANTONIO RENTERIA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI HERLONG,<br><br>Respondent. | No. 2:24-cv-0826 CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a federal prisoner proceeding with counsel with a petition for writ of habeas corpus under 28 U.S.C. § 2241. He is serving 58 months for firearm and controlled substance offenses. ECF No. 6-1 at 6. Petitioner's projected release date is August 6, 2025. Id. at 5. Petitioner asks that the court order the Federal Bureau of Prisons (BOP) to complete a "PATTERN" assessment of petitioner or recalculate petitioner's release date in light of his positive prison programming. For the reasons which follow, the court recommends that the § 2241 petition be denied.

I. Motion to Dismiss

Respondent moves to dismiss petitioner's habeas petition for failure to exhaust administrative remedies. Respondent points to evidence suggesting that petitioner never utilized the grievance process at his prison concerning the claims presented. ECF No. 6-1 at 3. Petitioner asserts that he did submit a grievance, but never got a response despite counsel for petitioner

1

1  following up with the warden's office at petitioner's place of incarceration.  ECF No. 11-1.
2  Because there appears to be a material factual dispute as to whether petitioner sought
3  administrative relief, the court would normally be inclined to hold an evidentiary hearing to
4  resolve the dispute.  See Hillery v. Pulley, 533 F. Supp. 1189, 1204 (E.D. Cal. 1982) (federal
5  court has discretion to hold an evidentiary hearing particularly where there is a material factual
6  dispute).  However, the court will not hold an evidentiary hearing because the petition before the
7  court fails on the merits.

II. "PATTERN" Assessment

Via the First Step Act (FSA) of 2018, 18 U.S.C. §§ 3631 et seq., a system was created that, under certain circumstances, allows inmates to earn sentence credit by completing evidence-based recidivism reduction programs ("EBRRs") or productive activities ("PAs").  See 18 U.S.C. § 3632(d)(4).  In accordance with the FSA, the BOP uses the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") to assess each prisoner's risk of recidivism.  Id. § 3632(a); https://www.bop.gov/inmates/fsa/pattern.jsp.

In the habeas petition, counsel for petitioner indicates:

> It does not appear the BOP completed its PATTERN assessment of Mr. Renteria.  If it has, it has not provided a copy of that assessment to Mr. Renteria or undersigned counsel.

With the response to petitioner's habeas petition, respondent provides evidence that petitioner has had several "PATTERN" assessments while in BOP custody with the most recent one occurring on January 4, 2023.  ECF No. 6 at 2, 9-10.  Petitioner fails to proffer any evidence that the assessments did not occur.  Furthermore, petitioner does not argue the conclusions reached in the assessments are erroneous or that petitioner is entitled to a further assessment.  For these reasons, there does not appear to be any basis for this court to order further assessment.

III. Recalculation of Release Date

Petitioner asks that the court order the BOP to recalculate petitioner's release date given that he has completed the following classes/programs:  "GED; English as a second language; ACT; Work keys; NCRC; and Threshold."  ECF No. 1 at 1.  Petitioner suggests that he is entitled to additional sentence credit under the FSA.  However, as noted by respondent (ECF

No. 6 at 4-6), petitioner is precluded under 18 U.S.C. § 3624(g)(B) from the application of any FSA credit because it has been determined through his "PATTERN" assessment that his risk of recidivism is high (ECF No. 6-1 at 2).[1] Petitioner does not challenge the determination that his risk of recidivism is high, nor that the conclusion that it being high precludes application of FSA credit. For these reasons, petitioner has not shown a basis for this court to order recalculation of his release date.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court assign a district court judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus be denied; and

2. Respondent's motion to dismiss for failure to exhaust administrative remedies (ECF No. 6) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 3, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rent0826.fsa

---

[1] The same conclusion was reached in Doran v. F.C.I. Herlong, No. 2:22-cv-2040 KJN P, 2023 WL 6314241 at *3-4 (E.D. Cal. Sept. 28, 2023) on indistinguishable facts.